UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACE HARDWARE CORPORATION,

                Plaintiff,                No. 05-CV-73996-DT

vs.                                  Hon. Gerald E. Rosen

OXFORD VILLAGE HARDWARE, INC.,
d/b/a, PONTIAC ACE HARDWARE; GROVE
ENTERPRISES, LLC, d/b/a, SOUTH LYON
LUMBER ACE HARDWARE, ORTONVILLE
ACE HARDWARE and ORION ACE HARDWARE;
NATHAN GROVE; COURTNEY GROVE; HAROLD
S. GROVE, and MARY ANN GROVE,

                Defendants.
_____/

OPINION AND ORDER REGARDING PLAINTIFF'S
REQUEST FOR MONEY JUDGMENT AND
DEFENDANTS' OBJECTIONS TO REQUEST

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____April 28, 2009_____

PRESENT:  Honorable Gerald E. Rosen
                     Chief Judge, United States District Court

On February 2, 2009, the Court entered an Opinion and Order granting Plaintiff

Ace Hardware Corporation ("Ace")'s Motion for Summary Judgment and, accordingly,

entered a Judgment of Liability in favor of Ace and against Defendants in this breach of

contract action. The matter is now before the Court on Plaintiff's Request for Money

Judgment. Defendants have filed Objections to Plaintiff's Request and Plaintiff has

1

replied to those objections.

As an initial matter, the Court notes that Defendants do not dispute the accuracy of the damages figures submitted by Plaintiff in its request for monetary judgment, nor do Defendants dispute the reasonableness of the amount of attorneys' fees requested ($22,687.98). Defendants raise only three discrete objections.

Defendants first argue that because the Court's Opinion and Order granting Plaintiff's Motion for Summary Judgment did not specifically address the question of attorney fees, Plaintiff may not recover them. However, both the Membership Agreements between Ace and Oxford Village Hardware, Inc./Grove Enterprises, L.L.C. and the Guaranties of Credit contain express provisions for payment of Plaintiff's attorney fees and costs. [*See* Membership Agreement, Article II, § 8, Plaintiff's Summary Judgment Exhibits. 1-4;[1] Guaranties of Credit, Complaint Exhibits 1-8.[2]] The Court

---

[1] Article II, § 8(f) of each of the Membership Agreements provides, in relevant part that Defendants agree to pay,

> without limitation, the reasonable fees of attorneys. . . and. . .other litigation expenses. . .which arise out of the Company's collection of any past due balances owing by the Member for the purchase of merchandise or services from the Company or any sums of money otherwise due and owing to the Company by the Member hereunder. . . .

[2] The Guaranties of Credit provide, in relevant part:

> Pursuant to said Guaranty, the undersigned further hereby covenants and agrees that in the event Customer shall not perform, pay when due and discharge in full any of [its] obligations, the undersigned. . .will pay to [Ace] forthwith upon demand the amount due on any such obligation(s). . .and will also pay to you all losses, costs, reasonable attorneys' fees or

2

affirmed the validity of these agreements and found that Defendants were liable for damages under those agreements. Therefore, the attorney fees and costs are elements of damages properly submitted under Plaintiff's request for money judgment.

Similarly, there is no merit to Defendants' claim that the Court only stated that damages would be awarded with reference to the breach of contract counts (Counts I and II). They claim that because there was no invitation to Defendants to submit a request for monetary damages with respect to Plaintiffs' claims of breach of the guaranties (Counts III and IV), Plaintiffs may not recover them. Defendants read the Court's Opinion too narrowly. As the Opinion makes clear, guaranties are considered contracts under Illinois law. *See AAR Aircraft & Engine Group, Inc. v. Edwards*, 272 F.3d 468, 470 (7th Cir. 2001) (citing *McLean County Bank v. Brokaw*, 119 Ill. 2d 405, 519 N.E.2d 453, 456 (1998). Guaranty agreements are to be "interpreted in accordance with their clear and unambiguous meaning." *Chrysler Credit Corp. v. Marino* 63 F.3d 574, 577 (7th Cir. 1995). The clear and unambiguous terms of the Guaranties of Credit obligate Harold, Mary Ann, Nathan and Courtney Grove to pay all amounts due and owing by Oxford and Grove Enterprises for purchases of merchandise, supplies and services, and to also pay reasonable attorneys' fees or expenses incurred by Ace by reason of the stores' defaults or by reason of the default of the guarantors. *See* Guaranties of Credit, Complaint Exhibits

---

expenses of any nature which may be suffered or incurred by [Ace] by reason of Customer's default or by reason of the default of the undersigned hereunder.

3

1-8 .

Finally, Defendants challenge Plaintiff's breakdown of the amounts for which each Defendant is liable. Defendants have aggregated these sums and claim that Plaintiff is seeking $1,168,468.02 in damages. That is not the case. Plaintiff is seeking a total judgment of $572,890.02. Under the various agreements, however, not all of the Defendants are liable for this total amount. Although Harold and Mary Ann Grove are liable for this total sum as guarantors of all of the stores' indebtedness,[3] the other Defendants are only responsible for the indebtedness incurred by particular stores.

The apportionment suggested by Plaintiff, however, is not entirely accurate and is misleading. First, Plaintiff has added the $22,687.98 attorneys' fees to each of the three principal amounts of indebtedness for which (1) Oxford Village Hardware, Inc., (2) Grove Enterprises L.L.C., Nathan Grove and Courtney Grove, and (3) Harold and Mary Ann Grove are liable. This is misleading and, if the Court were to enter judgment as requested by Plaintiff, would result in an award of three times the amount of attorneys' fees to which Plaintiff is entitled.

Plaintiff's apportionment is also misleading in that it requests entry as a separate "judgment" the total amount for which Harold and Mary Ann Grove are liable as guarantors. This suggests, as Defendants complain, that the total amount of the judgment could be read as being the aggregate of Oxford Village Hardware's liability for

_____

[3] Defendants owned and/or operated five Michigan Ace Hardware stores in South Lyon, Oxford, Pontiac, Ortonville and Lake Orion.

4

$257,755.75; Grove Enterprises, and Nathan and Courtney Grove's liability for $326,478.26; and Harold and Mary Ann Grove's liability for the total $572,890.02 judgment.  The Court will not use this apportionment method.  Instead, the Court will enter separate judgments as to the liability of (1) Oxford Ace Hardware and its guarantors (Harold and Mary Ann Grove); (2) Grove Enterprises and its guarantors (Nathan, Courtney, Harold and Mary Ann Grove) and (3) all Defendants for attorneys' fees to make clear that the total amount of the judgment is only $572,890.02.

Judgment will be entered accordingly.


s/Gerald E. Rosen
Chief Judge, United States District Court

Dated:  April 28, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 28, 2009, by electronic and/or ordinary mail.

s/Ruth Brissaud
Case Manager

5